UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DONNA BELL, individually and on behalf of similarly situated individuals, | ) ) ) |
| Plaintiff, | ) ) ) Case No.: 21-538 |
| v. | ) ) |
| ARISE VIRTUAL SOLUTIONS, INC., | ) ) |
| Defendant. | ) |

## COLLECTIVE ACTION COMPLAINT

### I. INTRODUCTION

1. This is a collective action brought on behalf of "Customer Support Professionals" ("CSPs") who have worked for Arise Virtual Solutions, Inc. ("Arise"), challenging Arise's misclassification of them as independent contractors and corresponding violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. As described further below, Arise has misclassified these workers (who perform call center services in their homes) as "Independent Business Owners" or agents of "Independent Business Owners," when in reality under federal law, they are employees of Arise. By misclassifying them as independent contractors, Arise has avoided paying them minimum wage for all time worked (including training time) and has required them to pay for their training, as well as for various expenses needed to perform their work, which should have been borne by the employer. These payments that the CSPs have been required to make have brought their pay further below the minimum wage.

2. Plaintiff brings this claim under the FLSA on behalf of all similarly situated employees across the country who have been misclassified by Arise who may choose to opt in to this action pursuant to 29 U.S.C. §216(b). Plaintiff seeks restitution of all wages of which she and these similarly situated individuals were deprived, including the cost of equipment and training which they were required to purchase as a condition of employment, payment for their training time, and all other relief to which they may be entitled.

## II. PARTIES

3. Plaintiff Donna Bell is an adult resident of Grandview, Missouri. From approximately October 2019 through December 2019 and September 2020 to March 2021, Ms. Bell was employed by Arise as a CSP. Ms. Bell worked for Arise out of her home performing call center services and was closely supervised by Arise agents. Ms. Bell was not compensated at all for her first month of employment, during which she was participating in required training courses. Further, as a condition of employment, Ms. Bell was required to purchase equipment and pay for training courses. In part as a result of these and other required payments, her wages did not meet minimum wage requirements set forth under the FLSA. Ms. Bell's consent to pursue her claims under the FLSA is attached hereto as Exhibit 1.

4. Plaintiff brings this action on behalf of all similarly situated employees who may choose to "opt-in" to this action pursuant to the FLSA, 29 U.S.C. §216(b).

5. Defendant Arise Virtual Solutions, Inc. is a Delaware corporation with its principal place of business located at 3450 Lakeside Drive, 6th Floor, Miramar, Florida

33027. From its headquarters in Florida, Arise employs customer service agents, who it terms CSPs, who work out of their homes throughout the United States.

### III. JURISDICTION AND VENUE

6. This Court has general federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331 because Plaintiff has brought a claim pursuant to the federal FLSA, 29 U.S.C. §201 *et seq.*

7. The United States District Court for the Western District of Missouri is the proper venue for this action pursuant to 28 U.S.C. §1391(b)(2) because Plaintiff worked for Defendant from Grandview, Missouri throughout the relevant time period.

### IV. STATEMENT OF FACTS

8. Plaintiff has worked as a customer support agent employed by Arise, which calls its customer support agents CSPs.

9. Each Arise CSP is assigned to assist the customers of a specific Arise client by telephone. Those clients include companies such as Comcast, TurboTax, Agero, and AirBnB.

10. Arise CSPs work out of home offices and assist the customers of their assigned client by telephone. Additionally, some CSPs supervise other CSPs' customer service calls.

11. Arise CSPs perform core work that is necessary to Arise's business, namely providing customer service support for businesses from remote locations by telephone and through electronic means.

12. Arise CSPs are supervised closely by Arise agents. They are instructed in the details of their job performance and are monitored and reviewed frequently.

3

Case 4:21-cv-00538-RK   Document 1   Filed 07/27/21   Page 3 of 7

13. By virtue of the extensive control Arise exerts over them, and the nature of their relationship with Arise, the CSPs are not independent business operators, or agents of independent business operators, as Arise has classified them, but rather, the customer support agents that perform work on behalf of Arise are employees of Arise.

14. As a precondition of employment, Arise requires that its CSPs participate in training courses.

15. The required courses train CSPs on Arise customer service standards and practices.

16. The initial required training course is self-paced. It may take up to one week to complete.

17. Arise CSPs are required to pay a fee to participate in the initial required training course.

18. CSPs are not compensated for the time spent in the training course.

19. Subsequent required training courses that are specific to the Arise customer being serviced last much longer – in some cases up to three months – and require more time, such as four hours of class time per day, five days a week.

20. As part of the subsequent courses, Arise CSPs are also assigned required daily homework tasks that take up to three to four hours to complete.

21. CSPs in training are prohibited from missing any classes during the training course. A CSP who misses a class may be required to retake the entire course.

22. Arise requires customer support agents to pay fees up to $299 for these customer specific required training courses.

23. CSPs are generally not compensated for the time spent in these training courses.

24. Additionally, as a precondition of employment, Arise CSPs are required to purchase certain equipment for their home office, including high speed internet, a computer that meets certain operating requirements, a dedicated landline, and a headset and an answering device.

25. These required purchases can cost CSPs hundreds of dollars and, in some cases, more than one thousand dollars.

26. The cost of the required equipment and training courses drive CSPs' pay below the federal minimum wage.

27. Arise also requires its CSPs to participate in continued training courses for which they are uncompensated after they have completed their initial training and begin work as a customer support agent.

28. Arise deducts a service fee from CSPs' pay.

29. As a result of uncompensated training time, being required to pay for training and equipment, deductions taken from CSPs' paychecks, and their generally low rate of pay, Arise CSPs have received an hourly rate that is less than the federal minimum wage. For example, during the week of November 9 to November 13, 2020, Plaintiff Donna Bell spent roughly 25 to 30 hours working and did not receive any pay.

# COUNT I

## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF FLSA

30. Arise's conduct in failing to pay its employees the federal minimum wage for all hours worked, including but not limited to unpaid training time, as well as requiring its CSPs to pay for their training, equipment, and other expenses or deductions from their pay (all of which contribute to them not receiving the federal minimum wage), violates the FLSA, 29 U.S.C. §201, *et seq*. This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt-in" to this case, pursuant to 29 U.S.C. §216(b).

31. The failure of Defendant to compensate Plaintiff Bell and the members of the class at least minimum wage was knowing, willful, intentional, and done in bad faith. Defendant knew or should have known that its CSPs were misclassified as independent contractors in view of the numerous decisionmakers, including arbitrators and government agencies, that have found that Arise misclassifies its CSPs and has violated the FLSA as a result.

WHERFORE, the Plaintiff requests that this court enter the following relief:

1. Certify a collective action under Count I and designate Plaintiff as representative of all those employees similarly situated;

2. Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all Arise CSPs who have performed services for Arise within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

3. Declare and find that Arise violated the FLSA by misclassifying and failing to pay minimum wage to Plaintiff and similarly situated employees who opt-in to this action;

4. Award all costs and reasonable attorneys' fees incurred prosecuting this claim under the FLSA;

5. Award liquidated damages in an amount equal to the amount of unpaid compensation found due under the FLSA;

6. Award attorneys' fees and costs;

7. Award any other relief to which the plaintiffs and class members may be entitled.

**Dated: July 27, 2021**

Respectfully submitted,

DONNA BELL individually and on behalf of all other similarly situated,

By her attorneys,

*/s/ Adelaide Pagano*
Shannon Liss-Riordan, *pro hac vice anticipated*
Adelaide Pagano, *pro hac vice anticipated*
Michelle Cassorla, *pro hac vice anticipated*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com
apagano@llrlaw.com
mcassorla@llrlaw.com

*/s/ Jack McInnes*
Jack McInnes, MO #56904
Ben Ashworth, MO #67933
MCINNES LAW LLC
1900 W 75th St #220
Prairie Village, KS 66208
(913) 220-2488
jack@mcinnes-law.com
ben@mcinnes-law.com